IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DR. CLINT NICHOLS**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 2:08cv128-KS-MTP**

**THE UNIVERSITY OF SOUTHERN**
**MISSISSIPPI, et al.**     **DEFENDANTS**

## ORDER

This matter is before the court upon a Report to Court Regarding Good Faith Negotiations on Privilege Log [30] filed by Defendants. On March 16, 2009, Plaintiff filed a Motion to Compel [20]. By Order [27] dated April 30, 2009, the court denied the motion, finding that the issues had been resolved, except for a possible challenge by Plaintiff to certain documents withheld by Defendants as privileged or protected. Accordingly, the court ordered that if Plaintiff wanted to challenge any of Defendants' privilege designations, Plaintiff should notify Defendants in writing of the specific documents, and if the parties were unable to resolve these challenges, Defendants should forward the documents to the court for an *in camera* review.

On May 20, 2009, Defendants filed their Report [30] in response to the Order. According to Defendant's Report, the parties have conferred regarding the challenged documents and although they have been able to resolve some issues, there are still some outstanding issues to be resolved by the court. Defendants have provided the court with the challenged documents for an *in camera* inspection and the Plaintiff has outlined his position in a Response [31] filed on May 29, 2009. The court having considered the Report and the Response, and having conducted an *in camera* inspection of the documents at issue, hereby finds and orders as follows:

**Documents Listed Under # 1 of Defendants' Privilege Log**

1) <u>Bates #s 000017-18, 000026, 000546, 000556, 000487, 000637-39, 000642</u>: Defendants have withheld these documents on the ground that they are privileged under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232 (FERPA). FERPA generally provides that the Department of Education may deny federal funding to a school system that does not comply with its provisions, among which is the requirement that students' personal information not be released without parental consent. 20 U.S.C. § 1232g(b)(1).

However, "[b]y its plain terms, FERPA does not create an evidentiary privilege...documents covered by FERPA are indeed discoverable in the context of a civil action." *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. Nov. 14, 2005) (citing *Ellis v. Cleveland Municipal Sch. Dist.*, 309 F.Supp. 2d 1019, 1023-24 (N.D. Ohio 2004) (holding that FERPA "does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure")); *see also Bauer v. Kincaid*, 759 F.Supp. 575, 589 (W.D. Mo. 1991) ("FERPA is not a law which prohibits disclosure of educational records."); *Rios v. Read*, 73 F.R.D. 589, 598 (D.C.N.Y. Jan. 14, 1977) (noting that FERPA did not intend to create a "school-student privilege analogous to a doctor-patient or attorney-client privilege). Accordingly, the court finds that these documents should be produced.[1]

2) <u>Bates #s 640-41, 643-54</u>: Defendants have agreed to produce these documents as long as Plaintiff agrees that doing so will not constitute a subject-matter waiver of the attorney-client privilege. Plaintiff has indicated in his Response that he agrees with this condition. Accordingly,

---

[1] The court notes that although some of the documents at issue may contain personal information, the parties have not requested that a protective order be entered.

these documents shall be produced, and their production shall not constitute a subject-matter waiver of the attorney-client privilege.

3) Bates #s 655-56: Defendants have withheld this document on the basis that it is attorney-client privileged. The court disagrees. This document simply contains a chain of emails setting up a meeting. The court finds that these documents are not privileged and, therefore, should be produced.

4) Bates #s 657-59: Defendants have withheld this document on the basis that it is protected by the attorney-client privilege. Upon examining the document, the court agrees. Accordingly, this document need not be produced.

5) Bates #s 000238, 000270, 000330, 000335: Defendants have withheld these documents on the ground that they are "privileged personnel matters." The documents appear to be personnel records that contain information regarding a number of employees, including Plaintiff. In order to address Defendants' concerns, the court finds that Defendants should redact all information except that which pertains to Plaintiff, and should produce the documents in redacted form.

**Documents Listed Under # 2 of Defendants' Privilege Log**

1) Bates #s 000001-000011: Defendants have agreed to produce these documents as long as Plaintiff agrees that by producing them, there would be no subject-matter waiver of the attorney-client privilege. Plaintiff has indicated that he agrees with this condition. Accordingly, these documents shall be produced, and their production shall not constitute a subject-matter waiver of the attorney-client privilege.

2) Bates #s 000012-13: Defendants have stated that they will withdraw these documents

from the privilege log and produce them to Plaintiff.

3) Bates # 000014: Defendants have withheld this document as privileged under FERPA. For the reasons set forth *supra,* the court finds that this document should be produced.

4) Bates #s 000015-16: Defendants have withheld this document on the ground that it is attorney-client privileged. Upon examining the document, the court agrees. Accordingly, Defendants need not produce this document.

5) Bates #s 000017-18: These documents have already been addressed *supra*.

6) Bates #s 19-20: Defendants have withheld these documents as privileged under FERPA. For the reasons set forth *supra*, the court finds that these documents should be produced.

**Documents Listed Under # 3 of Defendants' Privilege Log**

1) Bates #s 000021-23, 27-29: Defendants have indicated that these documents will be withdrawn from the privilege log and produced to Plaintiff.

2) Bates #s 000024-25: Defendants have withheld this document as attorney-client privileged. Upon examining the document, the court agrees. Accordingly, Defendants need not produce this document.

3) Bates #s 000030-31: Defendants have withheld this document as attorney-client privileged. This document consists of three separate emails. Upon examining the document, the court finds that only the top email (*i.e.*, the November 16, 2007 email on 000030 from Rebecca Woodrick to Lee Gore, University Counsel, among others) is privileged. The court finds that the other two emails - which either refer to meetings that apparently did not involve counsel, or contain discussions that apparently did not involve counsel - are not privileged. Accordingly,

Defendants shall produce this document but may redact the top email to counsel as privileged.

IT IS, THEREFORE, ORDERED THAT

1. Defendants shall produce the following documents on or before June 5, 2009:

    a) Bates #s 000012-13, 000014, 000017-18, 000019-20, 000021-23, 000026, 00027-29, 000546, 000556, 000487, 000637-39, 000642 and 000655-56;

    b) Bates #s 000001-000011, 000640-41, and 000643-54, pursuant to the parties' agreement that their production shall not constitute a subject-matter waiver of the attorney-client privilege; and

    c) Bates #s #s 000030-31, 000238, 000270, 000330, 000335, in redacted form as set forth *supra.*

2. Defendants need not produce the following documents: Bates #s 000024-25 and 000657-59.

SO ORDERED AND ADJUDGED this the 1st day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge
